Mr. Thomas W. Pennington University Counsel Arkansas Tech University Russellville, AR 72801-2222
Dear Mr. Pennington:
This is in response to your request pursuant to A.C.A. §25-19-105(c)(3)(B), part of the Arkansas Freedom of Information Act ("FOIA"), for an opinion concerning an FOIA request that has been made for records containing certain information relating to retiree health insurance coverage. It is my understanding that you wish me to determine, specifically, whether the decision not to release the retirees' addresses and phone numbers is consistent with the FOIA. The FOIA request pertains to all retired employees of Arkansas Tech University who have been provided with health insurance coverage as a result of the employee attaining age 55 and having been employed at ATU for 20 years.[1]
It is my opinion that the decision in this instance to deny the FOIA request for the home addresses and phone numbers is in all likelihood consistent with the FOIA, as recently interpreted by the Arkansas Supreme Court in the case of Stilley v. McBride, No. 97-628 (Ark.S.Ct. March 19, 1998).
Prior to McBride, there was some uncertainty as to whether the Arkansas court would adopt the approach reflected in Department of Defense v.FLRA, 510 U.S. 487 (1994). See J. Watkins, The Arkansas Freedom ofInformation Act 129 (2nd ed. 1994) and Op. Att'y Gen. 95-220, n. 6. The approach in FLRA, relied upon by our court in McBride, supra, is based upon principles set forth in Department of Justice v. Reporters Committeefor Freedom of the Press, 489 U.S. 749 (1989), a case which has been noted to have "significantly reshaped the test at the federal level." TheArkansas Freedom of Information Act, supra at 129. As Professor Watkins explains:
 In [Reporters Committee], the U.S. Supreme Court placed a greater emphasis on privacy concerns by holding that the `public interest' inquiry requires a determination that the records would shed some light on the workings of government. Freedom of information statutes are designed to enable citizens `to know what their government is up to,' the Court said. `That purpose . . . is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct.' [Footnote omitted.] If the information contained in the records would not contribute anything to the public's understanding of government operations, then even a modest privacy interest must prevail and the records are exempt. [Footnote omitted.]
Id.
These principles are now echoed in McBride, wherein our court states:
 Similar to the federal FOIA Act, the purpose of our FOI law is to keep our electors advised of the performance of their public officials and to make it possible for them, or their representatives, to learn and report fully the activities of their public officials. . . . The reason given by Stilley for requesting home addresses of police officers has little or nothing to do with learning or reporting the officers' activities.
Stilley v. McBride, supra, slip op. at 8.[2]
If the agency/custodian determines that the records should not be released, the burden remains on the agency to show that the individual's privacy interests outweigh the public's interest in disclosure under the circumstances presented. McBride at 7. But as reflected in FLRA, supra,
where there is little relevant public interest shown for releasing the information, it seems that the privacy interest will prevail as long as such interest is "not insubstantial." McBride at 6, citing FLRA,510 U.S. at 500.
The outcome will, of course, ultimately depend upon the particular facts and circumstances in each case. It is my opinion, however, that as was the case in FLRA and McBride, the question in the instant case will likely focus on the reason(s) given by the requester for seeking the addresses and phone numbers of these retired employees. Although I have been provided no information in this regard, I anticipate that the relevant public interest would be deemed negligible at best. That is, I believe it is unlikely that a showing can be made that this information would shed light on the employing agency or its activities. It thus probably suffices to note that with respect to these retirees as a group, the privacy concerns inherent in release of their addresses and phone numbers are not insubstantial. Their privacy concerns may not be as significant as those of the police officers in McBride, but they may be similar to the civil service employees in FLRA whose privacy interest was deemed "far from insignificant" in light of the concerns involving the privacy of the home and the anticipated ramifications of other parties' access to the address lists. See McBride at 6-7.
In conclusion, therefore, following the principles recently enunciated inStilley v. McBride, supra, it is my opinion that the custodian's decision to not release the requested home addresses and telephone numbers is consistent with the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] My review under § 25-19-105(c) is appropriate as the records in this regard constitute personnel records. See, e.g., Op. Att'y Gen.97-331 (records concerning an individual's contributions to his or her pension system and benefits received constitute personnel records.)
[2] Stilley involved an FOIA demand for the home addresses of two Fort Smith police officers as a cheaper means of obtaining service of process on the officers in a federal § 1983 action.